J-S04039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARTIN B. BROWN | : | |
| | : | |
| Appellant | : | No. 1427 EDA 2022 |

Appeal from the PCRA Order Entered April 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003080-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARTIN B. BROWN | : | |
| | : | |
| Appellant | : | No. 1428 EDA 2022 |

Appeal from the PCRA Order Entered April 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004214-2013

BEFORE:  MURRAY, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED FEBRUARY 24, 2023**

---

[*] Retired Senior Judge assigned to the Superior Court.

Martin B. Brown (Brown) appeals[1] from the April 29, 2022 order of the Court of Common Pleas of Philadelphia County (PCRA court) dismissing without a hearing his second petition filed pursuant to the Post-Conviction Relief Act (PCRA).[2]  We affirm.

We set forth the facts of Brown's offenses in detail in his direct appeal. *See Commonwealth v. Brown*, 57 EDA 2015 & 686 EDA 2015, at *2-4 (Pa. Super. Feb. 19, 2016) (unpublished memorandum).  Briefly, in January 2011, Brown attended a cabaret with several friends, including the victim, Clyde Raynor (Raynor).  Brown and Raynor began arguing while Brown was driving the group home after the show.  Brown pulled the car over to the side of the road and he and Raynor continued their argument outside.  The interaction became physical and Brown retrieved a firearm from the trunk of the car and shot Raynor once in the chest before fleeing the scene.  Raynor was paralyzed from the waist down and spent the remainder of his life in the hospital and various care facilities before he ultimately died as a result of the gunshot wound in May 2012.

---

[1] Brown filed identical notices of appeal at each docket number in compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018).  *See Commonwealth v. Johnson*, 236 A.3d 1141, 1148, (Pa. Super. 2020) (*en banc*) (approving the filing of separate but identical notices of appeal as compliant with the dictates of *Walker*, *supra*).

[2] 42 Pa.C.S. §§ 9541 *et seq.*

Brown proceeded to a consolidated jury trial at the two above-captioned dockets. In Case 4214-2013, he was convicted of one count of third-degree murder.[3] In Case 3080-2011, he was convicted of possession of a firearm by a prohibited person, carrying a firearm without a license, carrying a firearm on a public street in Philadelphia, and possessing an instrument of crime.[4] The trial court sentenced him to an aggregate term of 30 years to 60 years in prison. He timely appealed and this Court affirmed the judgement of sentence. *Id.* at *21. Brown filed a timely first PCRA petition, which the PCRA court denied without a hearing, and this Court affirmed on the basis of waiver. *Commonwealth v. Brown*, 2794 EDA 2019 & 2795 EDA 2019, at *6 (Pa. Super. Sept. 11, 2020) (unpublished memorandum).

Brown filed the instant petition on August 10, 2021 arguing, *inter alia*, that the financial settlement the victim's family reached with his care providers after his death was after-discovered evidence that would have proven that the gunshot wound was not the victim's true cause of death. The PCRA court concluded that the petition was untimely and that he had not pled a valid exception pursuant to 42 Pa.C.S. § 9545(b). Accordingly, it dismissed the

---

[3] 18 Pa.C.S. § 2502(c).

[4] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108 & 907(a).

petition without an evidentiary hearing. Brown timely appealed and he and the PCRA court have complied with Pa. R.A.P. 1925.[5]

While Brown's argument is convoluted and difficult to discern, we identify the following claims of error: (1) whether the settlement the victim's family received in a negligence action following Raynor's death was after-discovered evidence that would have raised reasonable doubt as to whether Brown's conduct caused Raynor's death; (2) whether the Commonwealth violated **Brady v. Maryland**, 373 U.S. 83 (1963), in offering perjured testimony at trial; (3) whether prior PCRA counsel was ineffective; and (4) whether the Commonwealth violated **Brady**, **supra**, by failing to disclose any statements about the shooting made by Raynor before his death.

Brown has pled a single exception to the jurisdictional time-bar: he contends that his petition is timely based on the newly-discovered fact that the victim's family obtained a settlement in a negligence, wrongful death and

---

[5] Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted). "The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." **Commonwealth v. Weimer**, 167 A.3d 78, 81 (Pa. Super. 2017). "[A] PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." **Commonwealth v. Brown**, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted).

survival action against Raynor's care providers. He pled that he learned of this settlement when a family member saw a television commercial featuring the victim's sister. In the ad, Raynor's sister stated, "it's not going to bring my brother back, but they got us a nice settlement." **See** Brown's Brief at 8. He argues that the actual cause of Raynor's death was medical malpractice that led to complications in his treatment and contends that he filed the instant petition within one year of learning about the commercial.

"A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **Commonwealth v. Graves**, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); **see also** 42 Pa.C.S. 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. **Commonwealth v. Small**, 238 A.3d 1267, 1280 (Pa. 2020).

Brown's sentence became final in 2016 when this Court affirmed the judgment of sentence on direct appeal and he declined to seek further review. 42 Pa.C.S. § 9545(b)(3). Because he did not file the instant petition until 2021, his petition is facially untimely and he must plead and prove one of the exceptions to the PCRA's timeliness requirements: that he was prevented

from raising the claim earlier by government interference; that the claim is based on newly-discovered facts that could not have been ascertained earlier; or that the claim is predicated on a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, the petitioner invoking a time-bar exception must file the petition raising the claimed exception within one year of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

On appeal, Brown asserts that his petition is timely under the exception for newly-discovered facts. 42 Pa.C.S. § 9545(b)(1)(ii). The newly-discovered facts exception "does not require any merits analysis of the underlying claim." *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016) (internal quotations and citation omitted). To establish timeliness pursuant to the newly-discovered facts exception, "the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown, and (2) they could not have been ascertained by the exercise of due diligence." *Id.*

The PCRA court determined that Brown had not adequately pled the newly-discovered facts exception because his petition did not reveal when he learned about the settlement. As a result, he did not establish that he had filed the petition within one year of the time the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2). Our review of the record reveals that Brown filed his first PCRA petition in 2016, it was dismissed on August

- 6 -

23, 2019, and this Court affirmed the dismissal on September 11, 2020.[6] A PCRA court lacks jurisdiction to consider a subsequent petition if a previously-filed petition is pending on appeal. *Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa. Super. 2019). "Where a prior petition is pending on appeal, a subsequent petition must be filed within the time limits set forth in Section 9545(b)(2) as measured from the date of the order that finally resolves the appeal in the prior petition, because that date is the first date the claim could be presented." *Id.* at 963. However, PCRA courts do not lack jurisdiction to consider multiple petitions at the same time when no petition is pending on appeal. *Commonwealth v. Montgomery*, 181 A.3d 359, 364-65 (Pa. Super. 2018) (*en banc*).

Here, Brown filed his second petition alleging newly-discovered facts within one year of when we affirmed the dismissal of his first PCRA petition. Thus, the timeliness hinges on whether he learned of the civil suit and settlement before filing his prior PCRA notice of appeal in September 2019, *Montgomery*, *supra*, or after it was already pending on appeal, *Beatty*, *supra*. As the petitioner, Brown bears the burden of establishing that he brought his claim in a timely manner and was required to include in his pleading the date, or approximate date, when he learned this new information.

---

[6] The documentation Brown attached to his petition reveals that the civil suit was filed in 2013 and the settlement was reached in 2015.

Because he did not include the relevant dates in his petition, he has failed to meet his burden and his petition is untimely.[7]

Nevertheless, we agree with the PCRA court that this claim is substantively meritless. **See** PCRA Court Opinion, 7/21/22, at 8 n.3. Brown contends that the victim's death was caused by medical negligence in the care he received after he sustained his gunshot wound. We have previously set forth a two-part test for determining causation:

> First, the defendant's conduct must be an antecedent, but for which the result in question would not have occurred. A victim's death cannot be entirely attributable to other factors; rather, there must exist a "causal connection between the conduct and the result of conduct; and causal connection requires something more than mere coincidence as to time and place." Second, the results of the defendant's actions cannot be so extraordinarily remote or attenuated that it would be unfair to hold the defendant criminally responsible.
>
> As to the first part of the test, the defendant's conduct need not be the only cause of the victim's death in order to establish a causal connection. "Criminal responsibility may be properly assessed against an individual whose conduct was a direct and

---

[7] The Commonwealth argued in the PCRA court that Brown's petition was untimely but, on appeal, contends that he met the requirements of the newly-discovered facts exception because he asserts in his brief that he learned about the settlement on or about March 1, 2021. **See** Commonwealth's Brief at 9 (citing Brown's Brief at 12). However, Brown did not plead this date in his initial petition. Moreover, the petition belies this claim, as a letter he attached to his petition from prior PCRA counsel dated March 1, 2021, references the civil settlement information. **See** PCRA Petition, 8/10/21, Exhibit 1 ("I also want you to understand that the information that you've forwarded to us concerning the civil matter certainly is of the utmost importance."). Thus, it is clear that Brown learned about the settlement prior to March 1, 2021, but we are unable to determine a more precise date based on the record before us.

substantial factor in producing the death even though other factors combined with that conduct to achieve the result." The second part of the test is satisfied when the victim's death is the natural or foreseeable consequence of the defendant's actions.

*Commonwealth v. Nunn*, 947 A.2d 756, 760 (Pa. Super. 2008) (citations omitted); *see also* 18 Pa.C.S. § 303(a)(1).

Here, the victim lived for approximately 16 months after Brown shot him, spending that time in hospitals and care facilities. Chief Medical Examiner Dr. Samuel Gulino testified at trial that he had reviewed all of the victim's medical records from the day of the shooting through his death. The gunshot wound had paralyzed the victim from the waist down, which resulted in numerous hospitalizations to treat infections and other complications throughout the remainder of his life. Dr. Gulino maintained that the victim's cause of death was homicide based on the gunshot wound despite cross-examination on whether the medical treatment he received after the shooting was the true cause of death. Based on this testimony, the shooting was the but-for cause of Raynor's death, and the resultant complications he experienced in treatment were "natural or foreseeable consequence[s]" of the shooting. *Nunn*, *supra*. Evidence of a financial settlement with Raynor's family would not have resulted in a different conclusion. Accordingly, this claim is meritless.

Finally, the civil settlement does not bear on any of the remaining issues Brown presented in his petition and on appeal. In those claims, he argues that the Commonwealth was aware that a trial witness committed perjury,

that prior PCRA counsel was ineffective in litigating claims related to trial counsel's effectiveness, and that the Commonwealth failed to disclose exculpatory information regarding eyewitness identifications and the victim's statements and interviews. He does not explain how discovering the settlement led him to uncover these claims or contend that any other timeliness exception applies. As he has failed to plead any exception to the jurisdictional time-bar, his petition is untimely and we lack jurisdiction to consider the merits of his claims.[8]

Orders affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2023

_____

[8] As the PCRA court observed, Brown did not raise these claims in his second petition. PCRA Court Opinion, 7/21/22, at 8-11. Rather, he presented them for the first time in an amended petition and right-to-know request he filed without leave of court after the PCRA court had issued its notice of intent to dismiss the petition without a hearing. *Id.* at 9-11 (citing **Commonwealth v. Baumhammers**, 92 A.3d 708, 730 (Pa. 2014); Pa. R.A.P. 302(a)). They are additionally waived on that basis. **See** Pa. R.A.P. 302(a).